VALLEY TITLE COMPANY,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 75–2527.

United States Court of Appeals,
Ninth Circuit.

Aug. 24, 1977.

Michael C. Ferguson, Berkeley, Cal., argued for petitioner-appellant.

Meade Whitaker, Chief Counsel, IRS, M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Section, Tax Div., U. S. Dept. of Justice, Washington, D. C., for respondent-appellee.

---

Before MERRILL and TRASK, Circuit Judges, and TAKASUGI,* District Judge.

MERRILL, Circuit Judge:

This appeal is taken from the decision of the tax court, 34 T.C.M. (CCH) 312 (1975), upholding the Commissioner in his disallowance of a loss claimed by taxpayer, Valley Title Company. Whether a loss was sustained is the question before us.[1] Taxpayer claimed a loss in connection with an exchange by taxpayer of an unimproved parcel of land owned by it, located on Second Street, San Jose, California, for an improved parcel of land located on First Street, San Jose. The First Street property was originally owned entirely by Broadway-Hale Stores, Inc. In 1958, Broadway-Hale sold approximately 85 percent of the First Street property to 58 Parcal Corporation. Included in the portion sold to 58 Parcal Corporation was the four story brick building located on the property. The 58 Parcal Corporation is unrelated to Broadway-Hale and the Commissioner has not contended that any of the transactions involving these two corporations was less than arms length.

Taxpayer's basis in the Second Street property at the time of the exchange was $383,185.78. This property, plus cash in the sum of $925,000, was exchanged for the First Street property. In the escrow agreement the total sales price of the First Street property was stated to be $1,100,000, of which $175,000 was allocated to Broadway-Hale and $925,000 was allocated to Parcal. The escrow agreement stated the value of the Second Street property to be $175,000. The transaction was executed

January 31, 1969, by conveyance of the First Street property to taxpayer, conveyance of the Second Street property to Broadway-Hale, and payment of the cash to Parcal.

Other evidence of the value of the two parcels was produced before the tax court. In July, 1968, Broadway-Hale had listed the First Street property with a real estate agent at a price of $1,700,000. Taxpayer's application for a loan in December, 1968, in connection with the exchange stated its cost for the First Street property would be $1,350,000. A bank appraiser had valued the First Street property at $1,500,000. For property tax purposes the County of Santa Clara assesses real property at 25 percent of its fair market value. At the time of the exchange the Second Street property was assessed at $75,570 and the First Street property at $416,230. In August, 1969, about seven months after the exchange, Broadway-Hale sold the Second Street property for $250,000.

Taxpayer claimed a loss of $208,185.78 on the exchange. It relied on the price for the Second Street property recited in the escrow agreement, and fixed its loss as the difference between its basis of $383,185.78 and that sale price. The Commissioner disallowed the loss, asserting that taxpayer had not established that a loss was actually sustained and that taxpayer was precluded from deducting any loss by virtue of the nonrecognition provisions of § 1031(a) of the Internal Revenue Code. The tax court did not reach the latter question. It held that proof of loss had not been established. It noted that with respect to this issue taxpayer had the burden of proof. It then stated:

> provided in section 1011 for determining such gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.
>    (b) Amount realized.—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received."

---

* Honorable Robert M. Takasugi, United States District Judge of the Central District of California, sitting by designation.

1. Section 1001(a) and (b) of the Internal Revenue Code, 26 U.S.C. § 1001(a) and (b), provides in part:
   "(a) Computation of gain or loss.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis

"To sustain its burden, petitioner relies principally on the allocation of $175,000 as the price of the Second Street Property in the escrow agreement. That allocation was made, however, for the convenience of Broadway-Hale. The allocation has no bearing on the total consideration agreed upon by the petition for the transfer. Other evidence consisted of the appraised value of the properties for county taxes, the consideration stated by the petitioner in a loan application, an appraisal by the appraiser for the lender, and a sale of the Second Street Property some 7 months later for $250,000.

Taken as a whole, the evidence not only is in conflict with the claim of the petitioner that the value of the Second Street Property was not more than $175,000, but is insufficient to enable this Court to make a definitive finding with respect to value. In the absence of more convincing evidence of value, the Court must necessarily accept the presumption of correctness which attaches to the respondent's determination. Accordingly, the Court finds that the fair market value of the First Street Property, as of the date of the exchange, was not less than $1,308,185.78."

We cannot agree with the tax court that the allocation between Parcal and Broadway-Hale has no bearing. It is evidence that Parcal accepted $925,000 as the fair market value of an approximately 85 percent interest in the First Street property. From this it is not difficult to determine the total value Parcal and Broadway-Hale placed on the First Street property. This should have been considered by the tax court as evidence of the "amount realized" by the taxpayer.

Further, we cannot agree that the tax court was bound to follow a "presumption of correctness" that attaches to a determination by the Commissioner. When the Commissioner makes a deficiency determination, a taxpayer normally has two burdens: the burden of producing enough evidence to rebut the deficiency determination and the burden of persuasion in substantiating a claimed deduction. *Rockwell v. Commissioner of Internal Revenue,* 512 F.2d 882, 885–86 (9th Cir.), *cert. denied,* 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). We read the tax court's opinion as holding that the taxpayer did not meet its burden of rebutting the Commissioner's deficiency determination. To meet this burden the taxpayer must produce "enough evidence to support a finding contrary to the Commissioner's determination." *Rockwell v. Commissioner, supra,* 512 F.2d at 885.

The tax court used the sale price of $250,000 seven months after the exchange as evidence that $175,000 was not a fair value at the time of the exchange. But that later sale price constitutes evidence that the value attached by the Commissioner was not a fair one. Rather than supporting any presumption of correctness, it operates to defeat it. In our judgment, the recited sale price of $175,000, together with the later price of $250,000, was sufficient to rebut the Commissioner's deficiency determination.

The tax court should now consider whether the taxpayer has met its burden of persuasion. On this question we express no opinion.

Reversed and remanded for further proceedings.