5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Anthony DiJOHN; Gerri DiJohn, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 18, 1993.
Decided Aug. 20, 1993.
 
 Before: FAIRCHILD,** BEEZER, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 The IRS determined a deficiency in Anthony and Gerri DiJohn's Federal income tax liability for 1981 in the amount of $5,216. The IRS also determined additions to tax under 26 U.S.C. Sec. 6653(a)(1) in the amount of $261 and under Sec. 6653(a)(2) in an amount to be determined. DiJohn[1] challenged this deficiency determination in the Tax Court arguing that the deficiency was based on evidence obtained by the IRS from Caesars Palace ("Caesars") in violation of 26 U.S.C. Sec. 7609(f) and in violation of Anthony's constitutional rights; therefore, the evidence should have been excluded. The Tax Court declined to exclude the evidence and sustained the deficiency determination. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482, and we affirm.
 
 DISCUSSION
 
 3
 We review de novo the Tax Court's conclusions of law. Kelley v. Commissioner, 877 F.2d 756, 757 (9th Cir.1989). We review for clear error findings of fact made by the Tax Court. Rockwell v. Commissioner, 512 F.2d 882, 884 (9th Cir.), cert. denied, 423 U.S. 1015 (1975). The Commissioner's deficiency determination is presumptively correct, and the burdens of going forward with evidence and of persuasion rest with DiJohn. See Helvering v. Taylor, 293 U.S. 507, 515 (1935); Valley Title Co. v. Commissioner, 559 F.2d 1139 (9th Cir.1977). We affirm the tax court because the exclusionary rule does not apply in this case.[2]
 
 
 4
 The Supreme Court has never extended the exclusionary rule to a civil proceeding. INS v. Lopez-Mendoza, 468 U.S. 1032, 1041-42 (1984); United States v. Janis, 428 U.S. 433, 447 (1976). However, the Court has set forth a framework for deciding in what types of civil proceedings the exclusionary rule is appropriately applied. A court must weigh the likely social benefits and costs of excluding unlawfully seized evidence. Lopez-Mendoza, 468 U.S. at 1041. The primary, if not the sole benefit of excluding evidence is "to deter future unlawful police conduct." Id. (citation omitted). The primary cost of the rule is "the loss of often probative evidence and all of the secondary costs that flow from the less accurate or more cumbersome adjudication that therefore occurs." Id.
 
 
 5
 In Lopez-Mendoza, the Court refused to suppress evidence that was illegally seized by INS officers in a civil deportation proceeding, noting that the evidence might have been suppressed in a criminal case. Id. at 1050. The Court balanced the potential for a deterrent effect against the loss of probative evidence. Id. The Court concluded that any minor deterrent effect did not justify the loss of probative evidence. Id. Moreover, this court has refused to suppress evidence in a civil tax case where the IRS had improperly issued civil summonses in violation of a statute. Weiss v. Commissioner, 919 F.2d 115, 118 (9th Cir.1990). In addition, the Tax Court has also declined to extend the exclusionary rule to a civil tax proceeding, even though the IRS had violated a taxpayer's constitutional rights. Jones v. Commissioner, 97 T.C. 7 (1991) (Court reviewed). Therefore, DiJohn has a heavy burden to establish that the costs of excluding his name and address are outweighed by any deterrent effect that exclusion would have on the IRS. We conclude that DiJohn has failed to met this burden.
 
 
 6
 In this case, IRS representatives made misrepresentations to DiJohn's employer in order to obtain DiJohn's name, address, and social security number. DiJohn, however, has not shown that the IRS could not have obtained such information through other means. Cf. Nix v. Williams, 467 U.S. 431, 444 (1984) (noting that the exclusionary rule does not apply where the government would have ultimately or inevitably obtained the evidence through lawful means). Indeed, the IRS would have been able to obtain the same information by complying with the provisions of Sec. 7609(f). Moreover, the IRS's Ogden, Utah, office possessed the same information, which was contained in DiJohn's tax returns.
 
 
 7
 Thus, we find that the benefit of excluding DiJohn's identity in this case does not justify the cost of permitting him to underreport his toke income. As the Tax Court in this case correctly noted, "it would be stretching the exclusionary rule beyond reasonable bounds to hold in every case in which the identity of an individual is somehow illegally obtained that all information subsequently acquired must be suppressed." Accordingly, although we do not condone the IRS's misrepresentations, the exclusion of the information obtained through the Information Document Request is not the appropriate remedy.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 Hon. Thomas E. Fairchild, Senior United States Circuit Judge for the 7th Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Because Anthony DiJohn's unreported income was the basis of the deficiency, we refer to the DiJohns' claims and arguments in the singular as Anthony DiJohn's
 
 
 [2]
 It is not clear that DiJohn has standing to invoke the exclusionary rule. See United States v. Powell, 379 U.S. 48, 58 (1964); Jerry T. O'Brien, Inc. v. S.E.C., 704 F.2d 1065, 1068 (9th Cir.1983), reversed, 467 U.S. 735 (1984). However, we will assume that DiJohn has standing for purposes of this appeal