Eric F. WEISS; Mary E. Weiss, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 89-70148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 1990.

Decided Nov. 26, 1990.

Walter Tribbey, Ontario, Cal., for petitioners-appellants.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Ann B. Durney, Curtis C. Pett, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before LIVELY,\* FLETCHER and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

In April 1984, the IRS determined deficiencies in Eric and Mary Weiss's income tax and assessed additional taxes for 1976, 1977, and 1978. The Weisses petitioned the Tax Court for a redetermination and moved the Tax Court to suppress evidence derived from the IRS's exercise of "institutional bad faith." This institutional bad faith, which was found to exist by a district judge in a prior criminal prosecution based on the same facts, consisted at least in part of violations of internal agency regulations. However, IRS regulatory violations do not require the suppression of evidence. *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). On the other hand, it is not clear whether evidence must be suppressed when statutory violations are involved, *see Caceres,* 440 U.S. at 755 & n. 21, 99 S.Ct. at 1473 & n. 21; *United States v. Appoloney,* 761 F.2d 520, 522–23 (9th Cir.), *cert. denied,* 474 U.S. 949, 106 S.Ct. 348, 88 L.Ed.2d 296 (1985); *United States v. Snowadzki,* 723 F.2d 1427, 1430–31 (9th Cir.), *cert. denied,* 469 U.S. 839, 105 S.Ct. 140, 83 L.Ed.2d 80 (1984), and the parties are in disagreement on whether the district court found that the IRS had committed statutory as well as regulatory violations by issuing civil summonses for a criminal investigation. *See* 26 U.S.C. § 7602 (1976) (amended 1982).[1]

---

\* The Honorable Pierce Lively, Senior Circuit Judge of the Sixth Circuit, sitting by designation.

1. Prior to 1982, the IRS was authorized to issue summonses for civil investigations only. *See* 26 U.S.C. § 7602 (1976). The Supreme Court recognized, however, that "[f]or a fraud investiga-

tion to be solely criminal in nature would require an extraordinary departure from the normally inseparable goals of examining whether the basis exists for criminal charges and for the assessment of civil penalties." *United States v. La Salle Nat'l Bank,* 437 U.S. 298, 314, 98 S.Ct. 2357, 2366, 57 L.Ed.2d 221 (1978). Therefore,

The Tax Court denied the Weisses' motion to suppress and upheld the IRS's assessment. The Weisses argue that the Tax Court wrongly ignored the IRS's statutory violations and that, because of these violations, the Tax Court should have suppressed the evidence. We need not decide whether in the earlier criminal case the district court made a finding of statutory violations, nor under what circumstances a finding of a statutory violation would require application of the exclusionary rule in a civil case. We conclude, instead, that regardless of whether statutory violations took place, this is not an appropriate case in which to apply the exclusionary rule. We affirm.

## I.

This civil case follows an earlier criminal prosecution of Eric Weiss for tax evasion, based on the same facts. *See United States v. Weiss*, 566 F.Supp. 1452 (C.D.Cal. 1983) (*"Weiss I"*), *appeal dismissed*, 730 F.2d 772 (9th Cir.1984). The district court dismissed the criminal prosecution *sua sponte*, with prejudice, because it found evidence that the IRS had acted with institutional bad faith in gathering evidence for the prosecution. Specifically, the court found that the IRS had failed to comply with its Internal Revenue Manual ("IRM")[2] procedures. The court also found evidence that the IRS had improperly issued civil summonses for a solely criminal investigation.

The *Weiss I* court made the following findings: Although the Civil Audit Division used the proper form to refer the investigation to the Criminal Intelligence Division, the Criminal Intelligence Division did not return the referral report within the fifteen work-day deadline. The Criminal Intelligence Division did not inform the Civil Audit Division that it had accepted the referral until twenty-six work days had passed, and it failed to check a box on the notification form requesting that a cooperating civil officer be assigned to the investigation. Instead, the Criminal Intelligence Division improperly used a separate form to request a cooperating civil officer and did not make this request until October 9, 1979. The Civil Audit Division did not act on the request until October 10, 1979, when it assigned civil officer Floyd Krietz to the investigation.

Meanwhile, the Criminal Intelligence Division had begun its investigation. Krietz unofficially participated in the investigation before his assignment. On October 1 and October 4, Krietz and a criminal officer interviewed Weiss and demanded records. At some point, the IRS issued fifteen summonses pursuant to 26 U.S.C. § 7602 (1976) (amended 1982).[3] This statute, prior to its

---

as long as the IRS had not institutionally abandoned its goal of civil enforcement of the tax laws at the time the summonses were issued, the summonses were valid. *Id.* at 316, 98 S.Ct. at 2367.

In 1982, Congress eliminated the requirement that, for a summons to be valid, the IRS investigation must have a civil component. Today, the IRS may issue summonses not only for the purpose of civil enforcement, but also for "the purpose of inquiring into *any offense* connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b) (1988) (emphasis added). The amendments make clear that the IRS may issue summonses unless a case is under referral to the Justice Department for criminal enforcement. *Id.* § 7602(c). Thus, the conduct that the Weisses challenge would not today violate any statutory provision. *See United States v. Millman*, 822 F.2d 305, 308 (2d Cir.1987) (dictum); *Groder v. United States*, 816 F.2d 139, 144 (4th Cir.1987) (dictum); *La Mura v. United States*, 765 F.2d

974, 980 n. 9 (11th Cir.1985); *Pickel v. United States*, 746 F.2d 176, 183–85 (3d Cir.1984).

2. For the Internal Revenue Manual in effect during the time in question, see Internal Revenue Manual (C.C.H.1979).

3. This statute, as it existed at the time of the IRS investigation of Weiss, stated in its entirety:

§ 7602. Examination of books and witnesses. For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person

1982 amendments, authorized the IRS to issue summonses for civil investigations but not for criminal ones. *See United States v. La Salle Nat'l Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). Because the Assistant United States Attorney did not comply with the district court's repeated requests to supply copies of those summonses, or even a list of dates when they were issued, the court could not determine whether any were issued prior to Krietz's assignment. It therefore concluded that "the Court cannot assume anything except that it was possible, if not probable, that at least some of these Civil Summonses were utilized by the Criminal Special Agent or the Civil Revenue Agent in support of an investigation wholly criminal in nature." *Weiss I,* 566 F.Supp. at 1455.

The *Weiss I* court stated that the judiciary could not sanction the wholly criminal use of a civil summons. *See Weiss I,* 566 F.Supp. at 1455 (citing *La Salle*). The court then compared the situation to a precedent in which the IRS had improperly issued civil summonses for a criminal investigation. *See United States v. Dahlstrum,* 493 F.Supp. 966 (C.D.Cal.1980), *appeal dismissed,* 655 F.2d 971 (9th Cir.1981), *cert. denied,* 455 U.S. 928, 102 S.Ct. 1293, 71 L.Ed.2d 472 (1982). Stating that "[t]he *Dahlstrum* factual situation is virtually identical to the facts found here, which compels the Court to conclude that the present case is legally undistinguishable [sic] from *Dahlstrum,*" the court dismissed the indictment. *Weiss I,* 566 F.Supp. at 1455. Because jeopardy had attached, this court dismissed the government's appeal. *United States v. Weiss,* 730 F.2d 772 (9th Cir.1984) (unpublished memorandum disposition).

Following the termination of its criminal action against Eric Weiss, the IRS proceeded civilly against Eric and Mary Weiss, determining deficiencies and additions to their taxes for 1976, 1977, and 1978. The Weisses filed this present action in the Tax Court to seek a redetermination. *Weiss v. Commissioner of Internal Revenue,* T.C.M. (P-H) ¶ 88,586 (Dec. 27, 1988) (*"Weiss II"*). They also filed a motion to suppress all evidence derived from the IRS's exercise of institutional bad faith, as determined by the district court in *Weiss I.* The parties stipulated to alternative tax liabilities, depending on whether the Tax Court granted or denied the Weisses' motion to suppress. They also stipulated to the facts and holdings of the district court in *Weiss I.* Because the only issue remaining in the case was the motion to suppress, the Tax Court treated the motion as a motion for summary judgment. *Id.* at 88-3033.

The Tax Court refused to suppress the evidence. In determining the basis for the *Weiss I* court's finding of institutional bad faith, the Tax Court focused on the IRS's failure to comply with the IRM procedures. It found that the *Weiss I* court had been conditional in its finding of additional violations. *Id.* at 88-3037. Stating that the dismissal of the criminal case had been a sufficient deterrent, the Tax Court then entered judgment in accordance with the parties' stipulation. *Id.* at 88-3037 to 88-3038.

The Weisses appeal from the Tax Court's ruling. They argue that the district court made a finding of statutory violations which the Tax Court wrongly ignored, and that, because of res judicata,[4] we should accept the conclusion that the IRS's institutional bad faith rested in part on statutory

having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602 (1976) (amended 1982).

**4.** We assume that the Weisses intended to raise the issue of collateral estoppel, not res judicata. Our disposition of this case does not require us to reach issues regarding the law of prior adjudication.

violations. They urge us to suppress all evidence derived from the IRS's exercise of institutional bad faith.

We need not resolve whether the district court's finding of statutory violations was conditional. Even assuming that the IRS did, in fact, improperly issue civil summonses to further a criminal investigation, the acts of misconduct relied upon by the district court were not egregious. This case does not present an appropriate situation for us to apply the exclusionary rule. Therefore, we need not decide under what circumstances the violation of a statute might make the exclusionary rule applicable in a civil case.

## II.

Prior to 1982, the IRS was not authorized to issue summonses for wholly criminal investigations.[5] *See La Salle,* 437 U.S. at 316 n. 18, 98 S.Ct. at 2368 n. 18. As the Supreme Court stated: "Congress ... intended the summons authority to be used to aid the determination and collection of taxes. These purposes d[id] not include the goal of filing criminal charges against citizens." *Id.* The reason for this limitation was that "[n]othing in § 7602 or its legislative history suggests that Congress intended the summons authority to broaden the Justice Department's right of criminal litigation discovery or to infringe on the role of the grand jury as a principal tool of criminal accusation." *Id.* at 312, 98 S.Ct. at 2365.

We are willing to assume for purposes of this case that the district court in *Weiss I* made a finding of a statutory violation. In light of *La Salle,* this finding would mean

that the IRS issued summonses to aid an investigation which, from an institutional perspective, was wholly criminal in nature.[6] *See id.* at 316–17, 98 S.Ct. at 2367. This single-minded pursuit of a criminal conviction by the IRS is precisely the situation which Congress sought to avoid; § 7602 required that a case which was being considered only for criminal prosecution be referred to the Justice Department. *See id.* By suppressing the evidence obtained through use of the unlawful subpoena and dismissing the criminal case, the district court in *Weiss I* punished this illegal government conduct and precluded the IRS from circumventing the requirements of § 7602.

Although the facts of *Weiss II* are the same, the circumstances are entirely different. The material subpoenaed is now being used for the fundamental purpose for which the IRS has always been authorized to obtain materials: the civil enforcement of the tax laws. The congressional intent behind limiting the IRS's summons authority to civil investigations—disallowing the Justice Department a basis for expanded discovery in a criminal prosecution—does not apply in this civil proceeding. Congress never intended to deny the IRS the civil discovery that is necessary for civil enforcement of the tax laws. Here, the fruit of the civil summonses in question is being used for a strictly civil purpose.

The IRS has already been penalized for its wrongdoing through the dismissal of the criminal case. We see no justification for also suppressing evidence in this civil case. We therefore hold that the Tax

---

5. Under the new law, the IRS may issue summonses in a wholly criminal investigation before it refers a case to the Justice Department for investigation. 26 U.S.C. § 7602(b) (1988). However, the agency still may not issue summonses after it has made a Justice Department referral. *Id.* § 7602(c).

6. We note that the same district judge decided both *Dahlstrum,* the case on which *Weiss I* relied, and *Weiss I.* The appeals from both cases were dismissed for reasons of double jeopardy. Therefore, this court has neither approved nor disapproved the interpretation of *La Salle* contained in those cases. Notwithstanding Con-

gress's amendment of § 7602 to authorize the IRS to issue summonses for a wholly criminal investigation, *see* 26 U.S.C. § 7602(b) (1988), the law applicable to this case is that which was in effect at the time the summonses in question were issued. Because the parties before us today have stipulated to the *Weiss I* court's findings of fact and conclusions of law, for purposes of this appeal we accept that court's interpretation of *La Salle* as correct. We need not decide whether we would have affirmed or reversed if faced with a direct appeal from such an interpretation in which we had jurisdiction to review the merits.

Court properly refused to apply the exclusionary rule to the facts of this case.

AFFIRMED.