**Glenn BRODERICK, Petitioner— Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 02–72888.

Tax Ct. No. 10847–00.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 16, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Glenn Broderick appeals pro se the judgment of the Tax Court, following a bench trial, dismissing his action contesting tax deficiencies for the years 1995, 1996, and 1997. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review a Tax Court's dismissal for failure to prosecute for abuse of discretion, *Roat v. Commissioner,* 847 F.2d 1379, 1383 (9th Cir. 1988), and we affirm.

The Tax Court did not abuse its discretion by dismissing Broderick's action for failure to prosecute because he did not comply with Tax Court Rules 123(b) and 149(b), which require parties to stipulate to facts, identify or prove any deductions, and refute the Commissioner's deficiency determination. *See Roat,* 847 F.2d at 1383 (affirming Tax Court's dismissal for failure to prosecute under Rules 123(b) and 149(b) where taxpayers "made a tactical choice not to prosecute the merits of their deficiencies"); *Larsen v. Commissioner,* 765 F.2d 939, 941 (9th Cir.1985) (per curiam) (affirming Tax Court's dismissal of action under Rule 123 because taxpayer refused to stipulate to facts as required by Rule 91).

The Tax Court properly denied Broderick's motion in limine because Broderick was not entitled to notice of the third-party subpoena served on Wells Fargo Bank. *See* 26 U.S.C. § 7609(c)(2)(B) (a taxpayer is not entitled to notice of subpoenae "issued to determine whether or not rec-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ords of the business transactions or affairs of an identified person have been made or kept"). In addition, contrary to Broderick's contention, the bank records should not have been precluded under the "fruit of the poisonous tree" doctrine. *See Weiss v. Commissioner*, 919 F.2d 115, 118 (9th Cir.1990).

The record does not support Broderick's contention that the Tax Court improperly required him to bear the burden of proving that he did not receive unreported income. In any event, the Commissioner proved Broderick's receipt of unreported income by producing a Form 4340, and Broderick refused to challenge that determination at the bench trial. *See Hardy v. Commissioner*, 181 F.3d 1002, 1004–05 (9th Cir.1999).

Broderick also contends that the Tax Court violated his Fifth Amendment right against self-incrimination when it deemed true the Commissioner's proposed stipulation of facts. This contention fails because Broderick "may not invoke the Fifth Amendment privilege to justify his refusal to comply with discovery." *See McCoy v. Commissioner*, 696 F.2d 1234, 1236 (9th Cir.1986).

We do not consider the Tax Court's denial of Broderick's post-judgment "Motion to Vacate Decision" or imposition of a penalty pursuant 26 U.S.C § 6673, because Broderick does not challenge those rulings on appeal. *See DHL Corp. & Subsidiaries v. Commissioner*, 285 F.3d 1210, 1224 n. 10 (9th Cir.2002).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.