**Courtney E. MINION, Sr.,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

**No. 03–1337.**

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judge.*

### ORDER

Courtney E. Minion, Sr., appeals a Tax Court decision that found deficiencies and penalties due for his 1993, 1994 and 1995 tax years. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After Minion did not file federal income tax returns for tax years 1993, 1994 and 1995, the Internal Revenue Service (IRS) prepared substitutes for income tax returns based in part on income information reported by Minion's employer, the City of Detroit, and issued Minion notices of deficiencies for those tax years. After the IRS issued a notice of intent to levy, Minion requested a "collection due process" hearing pursuant to 26 U.S.C. § 6330(a). After an initial hearing date was postponed so that Minion could request tax records under the Freedom of Information Act (FOIA), the "collection due process" hearing was conducted by an IRS settlement officer acting as an appeals officer. Minion did not request another postponement despite the fact that he had not yet received tax records he requested from the IRS under the FOIA. Following the hearing, the IRS issued a notice of determination in which it rejected Minion's challenges to collection efforts, and Minion filed a timely petition for review in the Tax Court. The government filed a motion for summary judgment and for imposition of a penalty against Minion pursuant to 26 U.S.C. 6673(a)(1) for filing a frivolous petition for review, and Minion responded in opposition. Following a hearing that Minion did not attend, the Tax Court granted the government's motion for summary judgment, but denied the motion to impose a penalty, and entered its order and decision accordingly. Minion filed a timely notice of appeal.

On appeal, Minion contends that IRS records reflect irregularities with the notices of deficiency and the notice of intent to levy, that genuine issues of material fact remain with respect to whether the assessments were proper, and that the IRS appeals officer abused her discretion in conducting the "collections due process" hearing before he received FOIA materials from the IRS. The government responds that the appeals officer acted properly in conducting the hearing and in determining that collection was proper. Upon consideration, we affirm the decision of the Tax Court for the reasons stated in

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

its order and decision entered December 9, 2002.

Generally, this court reviews the Tax Court's conclusions of law de novo and its findings of fact for clear error. *See Zack v. Comm'r*, 291 F.3d 407, 412 (6th Cir. 2002); *MTS Int'l, Inc. v. Comm'r*, 169 F.3d 1018, 1021 (6th Cir.1999). Summary judgment is proper where the pleadings show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Only factual disputes that might affect the outcome of a lawsuit under substantive law are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. *Id.* The burden is upon the moving party to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thereafter, the nonmoving party must present significant probative evidence in support of the complaint to defeat the motion. *Anderson*, 477 U.S. at 249–50. The nonmoving party is required to show more than a metaphysical doubt as to the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Here, the Tax Court properly determined that the collection activities were proper because Minion has no valid challenge to the assessment of the underlying tax liabilities.

Before a levy may be made on the property of any taxpayer, the taxpayer must be notified of the right to request a pre-levy hearing. 26 U.S.C. § 6330(a). If a hearing is requested, it is conducted by the IRS Office of Appeals. 26 U.S.C. § 6330(b)(1). The taxpayer "may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy." 26 U.S.C. § 6330(c)(2)(A). A taxpayer may challenge "the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Upon receipt of the Office of Appeals's notice of determination, the taxpayer may file an appeal with the Tax Court or an appropriate federal district court. 26 U.S.C. § 6330(d)(1).

Here, the Tax Court properly granted summary judgment for the Commissioner. First, the Tax Court correctly concluded that the appeals officer properly relied on the documents before her to verify that legal and administrative procedures were followed in this case. *See Roberts v. Comm'r*, 118 T.C. 365, 371 n. 10, 2002 WL 844724 (2002); *Nestor v. Comm'r*, 118 T.C. 162, 166, 2002 WL 236682 (2002). Further, the Tax Court correctly concluded that, even assuming that Minion was entitled to challenge the merits of the underlying assessments if he did not receive the notices of deficiency, Minion cannot show a genuine issue of material fact remaining for trial with respect to the validity of the assessments. Finally, we note that the appeals officer did not abuse her discretion in conducting the "collections due process" hearing before Minion received FOIA materials from the IRS because Minion did not ask that the hearing be postponed. Under these circumstances, the Tax Court properly granted summary judgment for the Commissioner.

Accordingly, the Tax Court's decision is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.