**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VERA LE DOUX,

       Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent - Appellee.

No. 03-9005
(Docket No. 20107-02L)
(United States Tax Court)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **LUCERO,** and **O'BRIEN**, Circuit Judges.

---

Vera Le Doux, proceeding pro se, appeals from an order and decision of the

United States Tax Court, which sustained the decision of the Internal Revenue

Service ("IRS") to proceed with tax collection actions for income taxes due for

1996 and 1997 and which also imposed a $5,000 penalty for maintaining a

frivolous proceeding. Because we conclude that the Tax Court neither committed

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

legal error with respect to its judgment nor abused its discretion in imposing a sanction, we exercise jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and **AFFIRM**.

In April and August 2000, the IRS issued a statutory notice of deficiency to Le Doux for the 1997 and 1996 tax years respectively. It also advised Le Doux that she could contest the deficiencies by petitioning the Tax Court within ninety days. Because Le Doux neither petitioned the Tax Court nor paid the deficiencies, the IRS assessed the deficiencies for 1996 and 1997 and, according to IRS records, sent her "Form 4340" certificates of assessment on the same day the assessments were made. In 2002, the IRS sent Le Doux notice of a federal lien on her property for the 1997 tax liability and a final notice of intent to levy in regard to the 1996 tax liability.

Le Doux timely requested a collection due process ("CDP") hearing, see 26 U.S.C. §§ 6320 (a)(3)(B) and 6330(a)(1), which was held on October 3, 2002 in regard to both her 1996 and 1997 liabilities. At a CDP hearing, a taxpayer may raise issues such as collection alternatives but may not challenge the existence or amount of the underlying tax liability unless she did not receive a statutory notice of deficiency. See 26 U.S.C. § 6330(c)(2)(A) & (B). Le Doux did not propose collection alternatives but rather argued, inter alia, that the IRS was without authority to collect taxes by liens or levy. On November 25, 2002, the IRS

Appeals Office issued a "notice of determination," advising Le Doux that all legal requirements and administrative procedures were satisfied, and that the IRS may proceed with its proposed collection actions. See 26 U.S.C. § 6330(c)(1).

Le Doux appealed the notice of determination in the Tax Court, arguing, inter alia, that: (1) the notice of deficiency and collection notice that had been sent to her were invalid because they had been signed by IRS employees rather than the Secretary of the Treasury; (2) a notice and demand for payment is valid only if it is made on a Form 17A, which she had not received; and (3) no provision of the Internal Revenue Code imposed a tax liability on her because she had not reported any tax liability on her income tax returns.

The Tax Court granted summary judgment to the Commissioner and imposed a $5,000 sanction on Le Doux, finding that her arguments were substantially similar to those she raised in the CDP hearing, and that she had instituted the proceeding primarily for delay and to protest tax laws by making frivolous claims. Le Doux now appeals.

We review de novo the Tax Court's grant of summary judgment in favor of the Commissioner. See Tele-Communications, Inc. v. Comm'r, 104 F.3d 1229, 1232 (10th Cir. 1997). On appeal, Le Doux reiterates her arguments that IRS employees are not authorized to enforce the tax laws, that she did not receive "lawful" notice and demand for payment, and that the IRS may not determine a

tax deficiency. As stated in the Tax Court's oral findings of fact and opinion, these arguments, as well as Le Doux's additional arguments on appeal, are patently frivolous. See also Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (characterizing as meritless the argument that the IRS and its employees "have no power or authority to administer the Internal Revenue laws"); Long v. United States, 972 F.2d 1174, 1181 (10th Cir. 1992) (stating that a Form 4340 is presumptive proof of a valid assessment and notice).[1]

We review the Tax Court's imposition of sanctions for abuse of discretion. Fox v. Comm'r, 969 F.2d 951, 953 (10th Cir. 1992). Code § 6673 authorizes the Tax Court to impose a penalty not to exceed $25,000 on a taxpayer when it appears that he or she instituted a proceeding primarily for delay, 26 U.S.C. § 6673(a)(1)(A), or the taxpayer's "position in such proceeding is frivolous or groundless," 26 U.S.C. § 6673(a)(1)(B). Given that Le Doux's primary arguments in this matter—that IRS employees may not enforce tax laws, and that Le Doux is

---

[1] We similarly reject Le Doux's arguments on appeal that the Tax Court did not give proper consideration to her claims. Specifically, she argues that the location of the Tax Court hearing in Washington D.C. was inconvenient and that the Tax Court failed to consider the statement she filed in lieu of attending the hearing. We note that Le Doux did not raise these issues below. See Walker v. Mather, 959 F.2d 894, 896 (10th Cir. 1992) (this court generally refuses to consider issues not raised in the trial court). Moreover, Le Doux did not request that the hearing be held at an alternate location, see Tax Court Rules 50(b)(2) and 130(a), and the Tax Court's bench opinion belies Le Doux's argument that her claims were unconsidered.

not subject to income tax—are completely lacking in merit, and because our review of the briefs and material portions of the record leads us to discern no legal error in any of the proceedings below, we cannot conclude that the Tax Court abused its discretion in sanctioning Le Doux. Accordingly, the order and decision of the Tax Court is **AFFIRMED**. We are also asked by the Commissioner to impose an additional sanction upon Le Doux pursuant to 28 U.S.C. § 1912 for bringing a frivolous appeal. Upon consideration of the Commissioner's request, it is our judgment that the $5,000 sanction affirmed today, when paid, will be adequate to communicate to the taxpayer the consequence of filing meritless proceedings, and we do not impose additional sanctions upon her.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge