Gregory J. **HOBBS;** et al.,
**Petitioners—Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.**

No. 03–72990.
**IRS No. 11702–00.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 17, 2004.

Gregory J. Hobbs, El Dorado Hills, CA, pro se.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patricia A. Martin, El Dorado Hills, CA, pro se.

Charles S. Casazza, Clerk, U.S. Tax Court, Gary R. Allen, Esq., Laurie A. Snyder, Attorney, Gary R. Allen, Esq., Laurie A. Snyder, Attorney, U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

MEMORANDUM **

Gregory J. Hobbs and Patricia A. Martin appeal pro se the Tax Court's order granting summary judgment in favor of the Commissioner of Internal Revenue, finding the Commissioner could proceed with his action to collect their 1996 federal income tax, and imposing sanctions. Our review is de novo, *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993), and we affirm.

The Tax Court properly concluded that taxpayers were precluded from challenging their underlying tax liability during their Collection Due Process ("CDP") hearing because they received a statutory notice of deficiency, 26 U.S.C. § 6330(c)(2)(B), and failed to file a timely petition for redetermination of taxes. The Tax Court also correctly held that the Internal Revenue Service Appeals Officer who conducted the CDP hearing properly verified the existence and propriety of the tax assessments, 26 U.S.C. § 6330(c)(1). The Tax Court also properly determined that taxpayers failed to raise any genuine issue of material fact. *See Hansen*, 7 F.3d

at 138. Accordingly, the Tax Court correctly granted the Commissioner's summary judgment motion.

Finally, the Tax Court did not abuse its discretion in imposing sanctions of $2500 against taxpayers pursuant to 26 U.S.C. § 6673, on the ground that taxpayers' positions were frivolous and they maintained the proceedings primarily for delay. *See Wolf v. Commissioner*, 4 F.3d 709, 716 (9th Cir.1993) ("When taxpayers are on notice that they may face sanctions for frivolous litigation, the Tax Court is within its discretion to award sanctions under section 6673").

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

