T.C. Memo. 2008-2


UNITED STATES TAX COURT


GLENN BRODERICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13849-05L.            Filed January 2, 2008.


Glenn Broderick, pro se.

<u>Patricia A. Komor</u>, for respondent.


MEMORANDUM OPINION


MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121,[1] and to impose a penalty under section 6673.  In this

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

opinion, we shall treat respondent's motion as a motion for summary judgment only, and we decide only whether respondent is entitled to summary judgment under Rule 121.[2]

## Background

This is an appeal from respondent's determination upholding the filing of a Federal tax lien against petitioner for unpaid income tax liabilities for the years 1995, 1996, and 1997. When his petition was filed, petitioner showed his address as c/o 4108 E. Indian School Road, Phoenix, Arizona 85018.

Petitioner did not file Federal income tax returns for 1995, 1996, or 1997. Respondent sent petitioner a notice of deficiency for 1995-97, and petitioner filed a petition for redetermination. See Broderick v. Commissioner, docket No. 10847-00. On April 10, 2002, we dismissed docket No. 10847-00 because of petitioner's failure to properly prosecute the case. On or about August 23, 2002, petitioner appealed the decision to the U.S. Court of Appeals for the Ninth Circuit. On May 16, 2003, the Court of Appeals affirmed our decision. Broderick v. Commissioner, 63 Fed. Appx. 374 (9th Cir. 2003).

On October 7, 2002, respondent assessed petitioner's Federal income tax liabilities, including interest, for 1995-97. Respondent subsequently mailed to petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing, dated

---

[2]We deny respondent's request for a penalty under sec. 6673.

September 23, 2003. On October 27, 2003, petitioner, through an authorized representative, submitted a Form 12153, Request for a Collection Due Process Hearing. Petitioner included with Form 12153 a five-page statement containing several arguments and demands that were frivolous and groundless.

The settlement officer assigned to petitioner's hearing request mailed a letter to petitioner dated December 29, 2003, advising him that a telephone hearing would be held on January 15, 2004. The letter also requested that petitioner file a collection information statement and all unfiled returns. The letter stated that if petitioner did not provide the requested information, the settlement officer would make a determination based on the information in the file.

On January 15, 2004, the settlement officer received a letter from John Turner (Mr. Turner) on behalf of petitioner. The letter stated that petitioner's previous representative had been enjoined from dealing with the Internal Revenue Service (IRS), and it requested a postponement of the hearing to permit Mr. Turner to provide a power of attorney. In response to this request, the settlement officer rescheduled the hearing for January 20, 2004.

Mr. Turner did not contact the settlement officer or file a power of attorney by January 20, 2004. Consequently, the settlement officer mailed a letter to petitioner on January 20,

2004, in which he stated that petitioner's arguments were without merit, that petitioner had not filed the requested returns, and that the settlement officer did not have petitioner's phone number or a power of attorney from Mr. Turner. The settlement officer gave petitioner 10 days to contact him and provide additional information regarding petitioner's case.

On January 21, 2004, Mr. Turner submitted a power of attorney and requested that the hearing be rescheduled. The settlement officer rescheduled the hearing for January 26, 2004, and a telephone hearing was held on that date. Neither petitioner nor his representative provided the collection information statement or the returns that the settlement officer had requested, and they did not offer any information regarding petitioner's plans to pay the liabilities at the hearing. Mr. Turner asked for additional time to submit the information, and the settlement officer gave him until the end of the day to do so or the settlement officer would sustain the lien and close the hearing.

On January 27, 2004, Mr. Turner sent a fax to the settlement officer that contained a declaration signed by petitioner. The declaration stated that petitioner had not received the notices of assessment.

On January 29, 2004, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under

Section 6320 and/or 6330.  In the notice, respondent concluded that all of the requirements for proceeding with collection had been met and that petitioner had not provided a valid reason why the lien should be withdrawn.  The notice advised petitioner that he had to file a petition in the United States Tax Court if he wanted to dispute respondent's determination.

On March 1, 2004, petitioner filed a complaint for review of the determination in the United States District Court for the District of Arizona.  The case was dismissed on June 20, 2005, for lack of jurisdiction.

On July 25, 2005, petitioner filed in the Tax Court a petition for lien or levy action.  On March 22, 2006, respondent filed a motion for summary judgment and to impose a penalty under section 6673.  Petitioner filed a response in opposition to the motion in which he alleges, in pertinent part, that a motion for summary judgment is an improper procedure for disposing of a case in which the reviewing court was required to conduct a review on the administrative record.  Specifically, petitioner contends that respondent's summary judgment motion should be denied because "it is an inappropriate procedure for disposition of a record review judicial review of an agency decision." Subsequently, petitioner submitted an affidavit that was filed on June 26, 2006, as a supplement to his response in opposition to respondent's motion.  Neither petitioner's opposition nor his

affidavit supplementing his opposition disputed any of the material facts alleged in respondent's summary judgment motion and supporting materials.

On April 17, 2006, a hearing was held on respondent's motion. Petitioner did not appear.

## Discussion

A. Summary Disposition

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). The facts material to the Court's disposition of the motion for summary judgment are stated

solely for purposes of deciding the motion and are not findings of fact for this case. See Sundstrand Corp. v. Commissioner, supra at 520.

Petitioner makes a novel but flawed contention in his effort to withstand summary disposition. He argues that, because this case involves only a record review, the use of summary disposition is inappropriate and improper. He cites Olenhouse v. CCC, 42 F.3d 1560, 1579-1580 (10th Cir. 1994), as support for his argument.

In Olenhouse, various wheat producers had sued the Agricultural Stabilization and Conservation Service (ASCS) challenging ASCS's decision to award reduced deficiency payments for the producers' wheat under a Federal price support program. The producers claimed, among other things, that the ASCS's action was arbitrary and capricious in that it was the product of an inadequate administrative appeals process and not supported by substantial evidence in the administrative record. Id. at 1564. The producers had filed an administrative appeal and received an adverse determination, which they appealed to the State ASCS committee and then to the Deputy Administrator, State and County Operations (DASCO). Throughout the appeal process, the producers unsuccessfully attempted to obtain information regarding the basis for the reductions imposed on them and the way the reductions were calculated. Without making any findings of fact

or articulating a reasoned basis for its decision, DASCO found "no justification" for relief. The District Court, in its capacity as a reviewing court under the Administrative Procedure Act (APA), summarily affirmed the ASCS's determination. In so doing, the District Court relied solely on counsel's representations and other materials attached to the ASCS's motion to affirm and did not actually examine the administrative record or conduct the thorough review required by the APA. Id. at 1565. The Court of Appeals concluded under the circumstances that the District Court "employed neither the procedure nor the standard of review required when agency action is challenged on appeal to a district court in this circuit." Id.

The facts of Olenhouse are distinguishable from the facts of this case. Olenhouse involved a review of an agency determination that was subject to the APA. Although the District Court was obligated under the APA to conduct a detailed and thorough review of the administrative record and the parties' arguments regarding it, the Court of Appeals concluded that the District Court did not do so. Over the objections of the aggrieved party, the District Court relied on the agency's representations regarding the record, without conducting the kind of independent and detailed review that the APA required. After concluding that the District Court was required to do more than

simply rely on the agency's representations and that the court failed to do so, the Court of Appeals reversed.

In contrast to the above, this case involves the review of a determination to proceed with collection by the IRS. Administrative hearings under sections 6320 (dealing with liens) and 6330 (dealing with levies) must be conducted in accordance with section 6330(c). After the IRS issues its notice of determination following the administrative hearing, a taxpayer has the right to a judicial review of the determination. Sec. 6330(d). A taxpayer may petition this Court to review the determination, and our review is subject to the provisions of section 6330.

The judicial review that we are required to conduct in section 6320/6330 cases focuses on the determination made by the IRS. Unless the underlying tax liability of the taxpayer that is the subject of the proceeding is properly at issue, we review the IRS's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

It is now well established that a motion for summary judgment may be used to resolve cases brought under sections 6320 and 6330 in appropriate circumstances. Deutsch v. Commissioner, 478 F.3d 450 (2d Cir. 2007), affg. T.C. Memo. 2006-27; Speltz v. Commissioner, 454 F.3d 782 (8th Cir. 2006), affg. 124 T.C. 165 (2005); Kindred v. Commissioner, 454 F.3d 688 (7th Cir. 2006);

Hobbs v. Commissioner, 110 Fed. Appx. 36 (9th Cir. 2004); Le Doux v. Commissioner, 102 Fed. Appx. 641 (10th Cir. 2004); Minion v. Commissioner, 79 Fed. Appx. 172 (6th Cir. 2003); Jones v. Commissioner, 338 F.3d 463 (5th Cir. 2003); Roberts v. Commissioner, 329 F.3d 1224 (11th Cir. 2003), affg. 118 T.C. 365 (2002). Summary disposition under Rule 121 permits this Court to decide a case without the necessity of a trial if there is no genuine issue as to any material fact and if the Court determines that a decision may be rendered as a matter of law. Rule 121(b). Summary disposition on the administrative record developed before the IRS during the administrative hearing under section 6330(c) is entirely appropriate if we conclude that the requirements of Rule 121(b) are met. We review the administrative record submitted in connection with the motion for summary judgment, and we may grant summary disposition only if we conclude that there is no material issue of fact that prevents the entry of a summary disposition and would require a trial.

For the reasons that follow, we conclude that we may dispose of this case by way of summary disposition pursuant to Rule 121.

B. Respondent's Determination Regarding Collection

We turn now to the merits of respondent's summary judgment motion in this section 6330 proceeding.

This is an action seeking judicial review under section 6320 of respondent's determination to file a Federal tax lien to

secure the payment of petitioner's unpaid Federal income tax liabilities for 1995, 1996, and 1997. Respondent's determination was made following an administrative hearing, which respondent was required to conduct in accordance with the provisions of section 6330(c). Sec. 6320(c).

Section 6330(c) requires the presiding officer who conducts the administrative hearing to satisfy several requirements. At the hearing, the presiding officer must obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1). In addition, in reaching his or her determination, the presiding officer must consider any relevant issue that the taxpayer raised at the hearing relating to the unpaid tax or the proposed collection action and, if appropriate, must consider the underlying tax liability. Sec. 6330(c)(3). Finally, the presiding officer must determine whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary. Sec. 6330(c)(3)(C).

The notice of determination and related materials that respondent submitted with his summary judgment motion confirm that the presiding officer performed the review required by section 6330(c). The administrative record in this case shows that the presiding officer properly determined that petitioner

had received a notice of deficiency for each of the years at issue and that, consequently, petitioner could not challenge the underlying tax liabilities. Sec. 6330(c)(2)(B); <u>Goza v. Commissioner</u>, 114 T.C. 176, 183 (2000). The administrative record also demonstrates that the presiding officer obtained the required verification that applicable legal and administrative procedures had been met and considered the issues raised by petitioner during the hearing process, even though the arguments were not relevant and were frivolous attempts to disrupt the collection process.[3] Finally, the Appeals officer conducted an appropriate analysis as required by section 6330(c)(3)(C).

Petitioner did not show that there is a genuine issue as to any of the material facts in this case, nor did petitioner raise any issue of law that would preclude the entry of a summary disposition under Rule 121. We shall grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[3]Petitioner alleged that (1) the notices of deficiency were void, (2) that there was a failure to generate an assessment list, (3) that the Commissioner failed to certify and transmit an assessment list, (4) that the Commissioner failed to record the assessment, (5) that the Commissioner failed to provide record of assessment at petitioner's request, and (6) that the Commissioner failed to send a notice of assessment.